## THE SLEEPY HOLLOW.

### (District Court, D. Connecticut. March 19, 1902.)

### Nos. 1324, 1325.

ADMIRALTY—PRIORITY OF LIENS.

　　An admiralty lien for towage is inferior to a statutory lien for repairs, the towage having been performed more than six months before, without effort to collect therefor till after, the repairs.

In Admiralty. On exceptions to commissioner's report.

Samuel, Park, for Palmer & Son Co.
Wing, Putnam & Burlingham, for L'Hommedieu and others.

TOWNSEND, District Judge. In this case two libels were filed against the house boat Sleepy Hollow. One was for $1,849.84, for services rendered and materials furnished said boat at the shipyard of the libelant, Robert Palmer & Son Company, at Groton, between November 27, 1900, and January 5, 1901,—a certificate of lien for said services being duly filed in the town clerk's office at Groton, as required by the Connecticut statute. The other libel was for $80 for towage service rendered by the libelants, L'Hommedieu et al., on June 25 and 26, 1900. The vessel was sold for $850.

The commissioner finds that the service of towage constitutes a good and valid lien against the vessel; but as the service was rendered nearly six months prior to the time the repairs were made, and as there is nothing in the evidence to show any cause for the delay in collecting the amount due for towage, the claim of the libelant, Robert Palmer & Son Company, for repairs, should take precedence of the claim for towage, and, as the avails of the sale are insufficient to pay both claims, the whole sum should be paid to libelant, Robert Palmer & Son Company.

Libelants, L'Hommedieu et al., except to the report of the commissioner on the following grounds:

"(1) Because the commissioner finds that the libelants' claim is not entitled to payment from the proceeds of the Sleepy Hollow. (2) Because the commissioner finds that the libelants' claim must be postponed in favor of the claim of the Robert Palmer & Son Ship Building & Marine Railway Company, and that the whole of the proceeds must be paid to said company. (3) Because the commissioner finds that the payment of a maritime lien must be postponed in favor of a claim of a lien not maritime, but acquired by virtue of a statute of the state of Connecticut. (4) Because the commissioner did not find that the libelants' claim was entitled to be paid in full, with interest and costs, prior to all other claims."

In the earlier decisions it was held that an admiralty lien took precedence of a statutory maritime lien, but it is now settled that they are of equal rank. The Lottawanna, 21 Wall. 558, 22 L. Ed. 654; The J. E. Rumbell, 148 U. S. 1, 13 Sup. Ct. 498, 37 L. Ed. 345; The Guiding Star (D. C.) 9 Fed. 521; Id. (C. C.) 18 Fed. 264; The Wyoming (D. C.) 35 Fed. 548. Claims for materials and supplies and for towage are usually considered, in the absence of special equities, of equal rank. Saylor v. Taylor, 23 C. C. A. 343, 77 Fed. 476; Hughes, Adm. p. 339. In these circumstances, as the libelants, L'Hommedieu et al., made no effort to collect their claim for towage service until after the commencement of this action,—nearly six months after the service was rendered,—the whole of the proceeds of sale should be paid to libelant, Robert Palmer & Son Company.

The report of the commissioner is affirmed.